In The

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
# 𝔣𝔬𝔯 𝔱𝔥𝔢 𝔗𝔥𝔦𝔯𝔡 𝔠𝔦𝔯𝔠𝔲𝔦𝔱



## 12-3293

ROBERT MAXWELL SIMON; STACEY HELENE SIMON,

*Plaintiffs-Appellants,*

FIA CARD SERVICES, N.A.; WEINSTEIN & RILEY, P.S.,

*Defendants-Appellees.*

*Appeal from the Order dated July 16, 2012 in the United States
District Court for the District of New Jersey at No. 3-12-cv-00518.*

## APPENDIX FOR PLAINTIFFS-APPELLANTS
## Volume II of II (pages 12a-end)

ANDY WINCHELL, ESQ.
LAW OFFICES OF ANDY WINCHELL
*Attorney for Plaintiffs-Appellants*

332 Springfield Avenue
Suite 203
Summit, NJ 07901
(973) 457-4710

i

# TABLE OF CONTENTS

**Page**

Notice of Appeal, dated August 14, 2012 ............... 1a

Opinion, filed July 16, 2012 ................................... 2a

Order, filed July 16, 2012 ...................................... 10a

U.S. District Court Docket Entries ........................ 12a

Complaint for Declaratory Relief and Damages
   for Violation of the Fair Debt Collection
   Practices Act, filed January 27, 2012................... 15a

Memorandum of Law In Support of Motion to
   Dismiss, filed February 24, 2012........................ 34a

APPEAL,CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Trenton)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00518-JAP-LHG

SIMON et al v. FIA CARD SERVICES, N.A. et al
Assigned to: Judge Joel A. Pisano
Referred to: Magistrate Judge Lois H. Goodman
Case in other court: 3rd Circuit, 12-03293
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 01/27/2012
Date Terminated: 07/16/2012
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**ROBERT MAXWELL SIMON**

represented by **ANDY WINCHELL**
332 SPRINGFIELD AVENUE
SUITE 203
SUMMIT, NJ 07901
973-457-4710
Email: andy@winchlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STACEY HELENE SIMON**

represented by **ANDY WINCHELL**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FIA CARD SERVICES, N.A.**

**Defendant**

**WEINSTEIN & RILEY, P.S.**

represented by **KENNETH STEVEN JANNETTE**
WEINSTEIN & RILEY PS
14 PENN PLAZA
SUITE 1300
NEW YORK, NY 10122
212-268-5540
Email: kenj@w-legal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/27/2012 | 1 | COMPLAINT against FIA CARD SERVICES, N.A., WEINSTEIN & RILEY, P.S. ( Filing fee $ 350 receipt number 4154192.) JURY DEMAND., filed by ROBERT MAXWELL SIMON, STACEY HELENE SIMON. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(jjc) (Entered: 01/27/2012) |
| 01/27/2012 | 2 | SUMMONS ISSUED as to FIA CARD SERVICES, N.A., WEINSTEIN & RILEY, P.S. Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. Issued By *JAWEIA CAMPBELL* (jjc) (Entered: 01/27/2012) |
| 02/24/2012 | 3 | MOTION to Dismiss by WEINSTEIN & RILEY, P.S.. Responses due by 3/26/2012 (Attachments: # 1 Exhibit United States District Court Complaint, # 2 Exhibit United States Bankruptcy Court Complaint)(JANNETTE, KENNETH) (Entered: 02/24/2012) |
| 02/24/2012 |  | CLERK'S QUALITY CONTROL MESSAGE - A Notice of Motion was not submitted with Motion to Dismiss 3 submitted by Kenneth Jannette on 2/24/2012. PLEASE SUBMIT THE Notice of Motion ONLY, using the Event Motion to Dismiss. The Calendar Event created by this filing has been terminated. (eaj) (Entered: 02/24/2012) |
| 02/24/2012 | 4 | MOTION to Dismiss *Notice of Motion* by WEINSTEIN & RILEY, P.S.. Responses due by 4/2/2012 (JANNETTE, KENNETH) (Entered: 02/24/2012) |
| 02/27/2012 |  | Set Deadlines as to 4 MOTION to Dismiss *Notice of Motion*. Motion set for 3/19/2012 before Judge Joel A. Pisano. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 02/27/2012) |
| 03/05/2012 | 5 | RESPONSE in Opposition filed by ROBERT MAXWELL SIMON, STACEY HELENE SIMON re 4 MOTION to Dismiss *Notice of Motion* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(WINCHELL, ANDY) (Entered: 03/05/2012) |
| 03/09/2012 | 6 | REPLY BRIEF to Opposition to Motion filed by FIA CARD SERVICES, N.A., WEINSTEIN & RILEY, P.S. re 4 MOTION to Dismiss *Notice of Motion* (Attachments: # 1 Exhibit Hearing Transcript)(JANNETTE, KENNETH) (Entered: 03/09/2012) |
| 07/16/2012 | 7 | OPINION filed. Signed by Judge Joel A. Pisano on 7/16/2012. (eaj) (Entered: 07/16/2012) |
| 07/16/2012 | 8 | ORDER granting 4 Defendants' Motion to Dismiss; Closing Case. Signed by Judge Joel A. Pisano on 7/16/2012. (eaj) (Entered: 07/16/2012) |
| 07/16/2012 |  | ***Civil Case Terminated. (eaj) (Entered: 07/16/2012) |
| 08/14/2012 | 9 | NOTICE OF APPEAL as to 7 Opinion, 8 Order on Motion to Dismiss by ROBERT MAXWELL SIMON, STACEY HELENE SIMON. Filing fee $ 455, receipt number 0312-4519300. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. Appeal Record due by 8/28/2012. (WINCHELL, ANDY) (Entered: 08/14/2012) |

| 08/21/2012 | 10 | USCA Case Number 12-3293 for 9 Notice of Appeal (USCA), filed by STACEY HELENE SIMON, ROBERT MAXWELL SIMON. USCA Case Manager SLC (Document Restricted - Court Only) (Entered: 08/21/2012) |
|---|---|---|
| 08/28/2012 | 11 | CERTIFICATE of Counsel re 10 USCA Case Number, 9 Notice of Appeal (USCA), *No Transcript Will Be Ordered* by ANDY WINCHELL on behalf of ROBERT MAXWELL SIMON, STACEY HELENE SIMON (WINCHELL, ANDY) (Entered: 08/28/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/26/2012 17:14:50 | | | |
| **PACER Login:** | aw2213 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-00518-JAP-LHG Start date: 1/1/1970 End date: 11/26/2012 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
Telephone No. (973) 457-4710
andy@winchlaw.com
By: Andy Winchell [AW-6590]
Attorney for the Plaintiff

---

Robert Maxwell Simon
Stacey Helene Simon

                          Plaintiff


            vs.


FIA Card Services, N.A.; Weinstein & Riley, P.S.


                          Defendants

COMPLAINT

JURY TRIAL DEMANDED

---

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
## FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### PRELIMINARY STATEMENT

1.     This is an action brought by the Plaintiff (hereinafter the "Plaintiff") seeking the

recovery of damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et

seq. (the "FDCPA").

## JURISDICTION

2.      Jurisdiction over this matter is provided pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) of the United States Code because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district and because Defendant regularly transacts business within this federal district by attempting to collect debts from consumers who reside in this district.

4.      This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5.      The Plaintiff is a married couple residing in Basking Ridge, New Jersey and filed a petition in bankruptcy under chapter 7 of Title 11 of the United States Code on December 30, 2010.

6.      On information and belief, Defendant FIA Card Services ("FIA") is a corporation organized under the laws of the state of Delaware. FIA is a "Debt Collector" as that term is defined by the FDCPA, 15 USC §1692(a)(6).

7.      On information and belief, Defendant Weinstein & Riley (the "Weinstein Firm," and collectively with FIA, the "Defendants") is a law firm with a place of business at 14 Penn Plaza, Suite 1300, New York, New York. The Weinstein Firm is a "Debt Collector" as that term is defined by the FDCPA, 15 USC §1692(a)(6).

2

### FACTUAL ALLEGATIONS

8.     The Plaintiff filed a chapter 7 petition in bankruptcy in the United States

Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") on December 30,

2010 (the "Petition Date").

9.     The Plaintiff was forced to file this bankruptcy case because of high medical costs

and extended periods of unemployment and underemployment.

10.     On or about January 28, 2011, the Weinstein Firm caused to be transmitted to the

Plaintiff's counsel two pieces of correspondence (the "Notices"), one with respect to Mr. Simon

and one with respect to Mrs. Simon, stating that FIA was contemplating a nondischargeability

proceeding against them. The Notices each included a document that appears to be a subpoena

(the "Subpoenas") commanding examination under Rule 2004 of the Federal Rules of

Bankruptcy Procedure to be held at the Weinstein Firm's offices in New York. A copy of the

Notice referring to Mr. Simon is attached hereto as Exhibit A and a copy of the Notice referring

to Mrs. Simon is attached hereto as Exhibit B.

11.     Each of the Notices offered to the settle the debt to FIA in a reduced amount to

prevent the filing of a nondischargeability action.

12.     Thus, the Notices were attempts to collect a debt within the meaning of the

FDCPA.

13.     Each of the Subpoenas contained a certification signed by Kenneth S. Jeannette,

Esq. attesting that "a true and correct copy of the foregoing has been mailed on January 28, 2011

to the above addresses." The addresses listed were the Plaintiff's home address in Basking

Ridge, New Jersey and the Plaintiff's counsel's office in Summit, New Jersey.

14.    In fact, the Weinstein Firm did not mail a copy of the Subpoenas to the Plaintiff.

15.    The Plaintiff consists of two educated, organized people who have a high attention to detail. They open their mail regularly and promptly. They were particularly attentive to correspondence during this time because of the nature of their financial difficulties and the existence of their bankruptcy case. They would have noticed had they received copies of the Subpoenas from the Weinstein Firm.

16.    On or about January 31, 2011, Plaintiff's counsel received copies of the Notices in the mail. Shortly thereafter, the Plaintiff's counsel inquired of the Plaintiff about the Notices. The Plaintiff of course was unaware of the contents of the Notices because, notwithstanding the certification of Mr. Jeanette, the Weinstein Firm never mailed copies of the Subpoenas to the Plaintiff.

17.    Rule 45 of the Federal Rules of Civil Procedure requires subpoenas to be sent directly to the appropriate witness.

18.    On information and belief, the Weinstein Firm has a pattern and practice of failing to transmit copies of notices and subpoenas directly to the appropriate witness.

19.    Plaintiff's counsel is active on numerous email listservs for bankruptcy attorneys and became aware of the Weinstein Firm's pattern and practice as a result of reviewing emails from colleagues on the subject.

20.    On information and belief, the Weinstein Firm intentionally fails to transmit copies of documents such as the Subpoena directly to the witness because doing so would increase the chances that the witness will be aware of the correspondence.

21.    The Subpoenas were defective in other respects.

4

22.    For example, the Subpoenas commanded the presence of the Plaintiff for examination in New York rather than within the District of New Jersey as required by Rule 45(a)(2) of the Federal Rules of Civil Procedure.

23.    The Subpoenas also failed to set out the text of Rule 45(c) and (d) of the Federal Rules of Civil Procedure as required by Rule 45(a)(1)(A)(iv) of the Federal Rules of Civil Procedure.

24.    The Subpoenas also failed to disclose the notice of recording method as required by Rule 45(a)(1)(B) of the Federal Rules of Civil Procedure.

25.    Thus the Subpoenas were legally ineffective to achieve the apparent goal of having the Plaintiff appear and testify.

26.    The Notices were a false, deceptive and misleading representation in connection with debt collection.

27.    The Notices also failed to contain the warning that they constituted an attempt to collect a debt and that the communication is from a debt collector.

28.    On or about February 18, 2011, the Plaintiff moved to quash the Subpoenas on the grounds stated above.

29.    On or about February 23, 2011, the Plaintiff brought an action against the Defendants in the Bankruptcy Court (the "Bankruptcy Court Adversary Proceeding") based upon many of the same grounds stated herein.

30.    On or about March 14, 2011 the Bankruptcy Court quashed the Subpoenas.

31.     On or about April 26, 2011, the Bankruptcy Court ruled that it lacked subject matter jurisdiction over the Bankruptcy Court Adversary Proceeding and thereupon proceeded to dismiss it without prejudice.

### First Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

32.     The allegations in paragraphs 1 through 31 of this complaint are realleged and incorporated herein by this reference.

33.     The Defendants violated 15 U.S.C. §§ 1692e, and e(11) by sending collection notices that failed to contain the warning that they were attempts by a debt collector to collect a debt.

34.     These violations of the Fair Debt Collection Acts are willful and done with malice in order to intimidate the Plaintiff into doing whatever is necessary to pay the debt. Upon information and belief, the Defendants have a pattern or practice of the conduct complained of herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt Collection Practices Act.

35.     The Plaintiff is therefore entitled to an award of statutory damages, punitive damages and legal fees pursuant to 11 U.S.C. § 1692k.

### Second Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

36.     The allegations in paragraphs 1 through 35 of this complaint are realleged and incorporated herein by this reference.

37.    The Defendants violated 15 U.S.C. §§ 1692e, and e(5) by making false, deceptive and misleading representations and threatening to take actions that the Defendants could not legally take or that the Defendants intended not to take.

38.    These violations of the Fair Debt Collection Acts are willful and done with malice in order to intimidate the Plaintiff into doing whatever is necessary to pay the debt. Upon information and belief, the Defendants have a pattern or practice of the conduct complained of herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt Collection Practices Act.

39.    The Plaintiff is therefore entitled to an award of statutory damages, actual damages and legal fees pursuant to 11 U.S.C. § 1692k.

### Third Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

40.    The allegations in paragraphs 1 through 39 of this complaint are realleged and incorporated herein by this reference.

41.    The Defendants violated 15 U.S.C. §§ 1692e and e(13) by sending documents that purported to be legal process but that were legally ineffective.

42.    These violations of the Fair Debt Collection Acts are willful and done with malice in order to intimidate the Plaintiff into doing whatever is necessary to pay the debt. Upon information and belief, the Defendants have a pattern or practice of the conduct complained of herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt Collection Practices Act.

7

43.     The Plaintiff is therefore entitled to an award of statutory damages, actual damages and legal fees pursuant to 11 U.S.C. § 1692k.

**WHEREFORE,** the Plaintiff having set forth claims for relief against the Defendants respectfully prays of the Court as follows:

a.     For a declaratory judgment that the conduct described herein violates the FDCPA;

b.     That the Plaintiff be awarded and recover statutory damages for FDCPA violations;

c.     That the Plaintiff be awarded and recover actual damages in an amount to be determined by this Court;

d.     That the Plaintiff have and recover their reasonable legal fees in an amount to be determined by this Court;

e.     That the Plaintiff recover all reasonable costs and expenses in this case in an amount to be determined by this Court;

f.     That the Plaintiff have such other and further relief as to the Court may seem just and proper.

8

Dated this the 27th day of January, 2012.


/s/ Andy Winchell

Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff

# EXHIBIT

# A



## WEINSTEIN & RILEY, P.S.

14 Penn Plaza, Suite 1300 ■ New York, NY 10122 ■ Tel: (800) 206-7410 ■ Fax: (212) 268-9562

*Kenneth S. Jannette, Esq.*

January 28, 2011

Andy Winchell
Attorney At Law
332 Springfield Ave Suite 203
Summit, NJ 07901

Re:  **Debtor:**          **Robert Simon**
     **Bankruptcy No.:**  **10-50052**
     **Account No.:**     **XXXXXXXXXXXX2469**
     **Creditor:**        **FIA Card Services, N.A. (f.k.a. MBNA America Bank,
                          N.A.)**

Dear Counselor:

Our firm has been retained to represent FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.) in this bankruptcy proceeding. Based upon an initial review of this account and our recommendation, our client is considering filing an adversary proceeding pursuant to 11 U.S.C. § 523 objecting to the discharge of the debt.

A brief review of this account reveals the following:

- Between 09/30/2010 and 10/03/2010 your client incurred $11,502.00 in cash advance and/or convenience check charges.
- As a result of the above activity, the account credit limit was nearly exhausted.

We believe that there is evidence and a sufficient basis to object to the discharge of your client's debt in this matter. As you are aware, once we bring a successful non-dischargeability action against your client, all or a portion of your client's debt may survive the bankruptcy.



44089388

Before the parties incur the costs of fully pursuing a §523 action, our client is willing to provide your client the option of settling the account pursuant to one of the following two alternatives:

1.   Stipulation in the sum of $11,502.00; or
2.   One time cash settlement in the sum of $9,201.60

Please convey this offer to your client and contact our office at **800-206-7410** at your earliest convenience to convey your client's intentions.  I trust we will be able to resolve the matter without unnecessary expense and delay.  However, we are prepared to and will take all appropriate action.

Finally, we recognize that there are instances in which there may be a satisfactory explanation for evidence that otherwise appears to constitute misuse of a credit card.  If you disagree with our conclusion based on the evidence, please provide us with sufficient evidence or an explanation concerning the transactions to alter our view.

Please note that I scheduled this matter for a formal §2004 examination to be conducted on 2/28/2011. My office would gladly discuss with your client whether the matter can be resolved without conducting the examination and/or to reschedule it for an informal telephone conference at a mutually agreeable time prior to the bar date.

Very truly yours,
**WEINSTEIN & RILEY, P.S.**

Kenneth S. Jannette, Esq.

In the event that this letter is governed by the FDCPA, we are providing the following information:  Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any part of it.  Unless you dispute the validity of the debt, or any portion of it, within 30 days from receipt of this notice, we will assume the debt to be valid.  If you notify us in writing within 30 days after receipt of this notice that you dispute this debt, or any portion of it, we will obtain verification of the debt or a copy of the judgment against you and mail you a copy.  And, if you make a written request within 30 days of receipt of this notice, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.
If you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires WR to suspend its efforts (through litigation or otherwise) to collect the debt until it mails the requested information to you.

44089388

-26a-

WEINSTEIN & RILEY, P.S.
By: Kenneth S. Jannette, Esq. (04512)
14 Penn Plaza, Suite 1300
New York, New York 10122
Tel: 800-206-7410
Fax: 212-268-9562
Attorney for FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE: Robert Simon ,

               Debtor(s).

CASE NO.: 10-50052

### NOTICE OF EXAMINATION IN ACCORDANCE WITH *F.R.B.P. 2004* AND LOCAL RULE 2004-1

TO:

    Robert Simon
    390 Penns Way
    Basking Ridge, NJ 079203063

    Andy Winchell
    Attorney At Law
    332 Springfield Ave Suite 203
    Summit, NJ 07901
    Attorneys for Debtor(s) Robert Simon

**PLEASE TAKE NOTICE**, that on behalf of FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.), the undersigned attorney will take the examination of Robert Simon on **2/28/2011 at 10:00 AM** at the office of **WEINSTEIN & RILEY, P.S., 14 Penn Plaza, Suite 1300, New York, NY 10122, (800) 206-7410**, or, upon written request, at an alternate location to be agreed upon by the parties, upon oral examination before a certified court reporter or any other Notary Public or officer authorized by law to take depositions in the State of New Jersey. If the Examinee receives this notice less than seven (7) days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The examination is pursuant to *F.R.B.P. 2004*. Pursuant to Local Rule 16, no order shall be necessary.

    Examinee is further required to bring to the examination the following documents:



44089388

1.  All canceled checks and checking account statements maintained by Debtor for the one (1) year period prior to the date the Debtor filed bankruptcy.

2.  All books and records evidencing Debtor's income, including payroll statements, W-2 forms and other documentary evidence of income, for the years 2008 and 2009.

3.  Federal tax returns filed by Debtor for the taxable years 2007, 2008 and 2009.

4.  All checks, invoices, receipts of payments and statements for the Debtor and Debtor's personal expenses, including, but not limited to credit card statements, mortgage or rental payments, utility bills, insurance premiums, automobile and/or transportation expenses, entertainment and recreational expenses, clothing expenses, capital gains and losses, gambling debts, food expenses, or medical and drug expenses, for the one (1) year period prior to the date the Debtor filed for bankruptcy.

5.  All financial statements, inventories, and schedules reflecting Debtor's assets, liabilities and net worth, whether prepared by Debtor or on Debtor's behalf, for the one (1) year period prior to the date Debtor filed for bankruptcy.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been mailed on January 28, 2011 to the above addresses.

Respectfully submitted,
**WEINSTEIN & RILEY, P.S.**

BY:   Kenneth S. Wannette, Esq.

44089388

-28a-

# EXHIBIT

# B



## WEINSTEIN & RILEY, P.S.

14 Penn Plaza, Suite 1300 ■ New York, NY 10122 ■ Tel: (800) 206-7410 ■ Fax: (212) 268-9562

*Kenneth S. Jannette, Esq.*

January 28, 2011

Andy Winchell
Attorney At Law
332 Springfield Ave. Suite 203
Summit, NJ 07901

Re:    **Debtor:**            **Stacey H Simon**
       **Bankruptcy No.:**     **10-50052**
       **Account No.:**        **XXXXXXXXXXXX8732**
       **Creditor:**           **FIA Card Services, N.A. (f.k.a. MBNA America Bank,
                               N.A.)**

Dear Counselor:

Our firm has been retained to represent FIA Card Services, N.A. (f.k.a. MBNA America
Bank, N.A.) in this bankruptcy proceeding. Based upon an initial review of this account
and our recommendation, our client is considering filing an adversary proceeding
pursuant to 11 U.S.C. § 523 objecting to the discharge of the debt.

A brief review of this account reveals the following:

- Between 07/15/2010 and 07/16/2010 your client incurred $20,000.00 in cash advance
  and/or convenience check charges.
- As a result of the above activity, the account credit limit was nearly exhausted.

We believe that there is evidence and a sufficient basis to object to the discharge of your
client's debt in this matter. As you are aware, once we bring a successful non-
dischargeability action against your client, all or a portion of your client's debt may
survive the bankruptcy.



44091028

Before the parties incur the costs of fully pursuing a §523 action, our client is willing to provide your client the option of settling the account pursuant to one of the following two alternatives:

1.    Stipulation in the sum of $20,000.00; or
2.    One time cash settlement in the sum of $14,000.00

Please convey this offer to your client and contact our office at **800-206-7410** at your earliest convenience to convey your client's intentions. I trust we will be able to resolve the matter without unnecessary expense and delay. However, we are prepared to and will take all appropriate action.

Finally, we recognize that there are instances in which there may be a satisfactory explanation for evidence that otherwise appears to constitute misuse of a credit card. If you disagree with our conclusion based on the evidence, please provide us with sufficient evidence or an explanation concerning the transactions to alter our view.

Please note that I scheduled this matter for a formal §2004 examination to be conducted on 2/28/2011. My office would gladly discuss with your client whether the matter can be resolved without conducting the examination and/or to reschedule it for an informal telephone conference at a mutually agreeable time prior to the bar date.

Very truly yours,
**WEINSTEIN & RILEY, P.S.**

Kenneth S. Jannette, Esq.

In the event that this letter is governed by the FDCPA, we are providing the following information: Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any part of it. Unless you dispute the validity of the debt, or any portion of it, within 30 days from receipt of this notice, we will assume the debt to be valid. If you notify us in writing within 30 days after receipt of this notice that you dispute this debt, or any portion of it, we will obtain verification of the debt or a copy of the judgment against you and mail you a copy. And, if you make a written request within 30 days of receipt of this notice, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.
If you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires WR to suspend its efforts (through litigation or otherwise) to collect the debt until it mails the requested information to you.

44091028

WEINSTEIN & RILEY, P.S.
By: Kenneth S. Jannette, Esq. (04512)
14 Penn Plaza, Suite 1300
New York, New York 10122
Tel: 800-206-7410
Fax: 212-268-9562
Attorney for FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| IN RE: Stacey H Simon , | CASE NO.: 10-50052 |
|---|---|
| Debtor(s). | |

### NOTICE OF EXAMINATION IN ACCORDANCE WITH *F.R.B.P. 2004* AND LOCAL RULE 2004-1

TO:

Stacey H Simon
390 Penns Way
Basking Ridge, NJ 079203063

Andy Winchell
Attorney At Law
332 Springfield Ave Suite 203
Summit, NJ 07901
Attorneys for Debtor(s) Stacey H Simon

    **PLEASE TAKE NOTICE,** that on behalf of FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.), the undersigned attorney will take the examination of Stacey H Simon on **2/28/2011 at 10:00 AM** at the office of **WEINSTEIN & RILEY, P.S., 14 Penn Plaza, Suite 1300, New York, NY 10122, (800) 206-7410,** or, upon written request, at an alternate location to be agreed upon by the parties, upon oral examination before a certified court reporter or any other Notary Public or officer authorized by law to take depositions in the State of New Jersey. If the Examinee receives this notice less than seven (7) days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The examination is pursuant to *F.R.B.P. 2004*. Pursuant to Local Rule 16, no order shall be necessary.

    Examinee is further required to bring to the examination the following documents:



44091028

1.   All canceled checks and checking account statements maintained by
     Debtor for the one (1) year period prior to the date the Debtor filed
     bankruptcy.

2.   All books and records evidencing Debtor's income, including payroll
     statements, W-2 forms and other documentary evidence of income, for the
     years 2008 and 2009.

3.   Federal tax returns filed by Debtor for the taxable years 2007, 2008 and
     2009.

4.   All checks, invoices, receipts of payments and statements for the Debtor
     and Debtor's personal expenses, including, but not limited to credit card
     statements, mortgage or rental payments, utility bills, insurance premiums,
     automobile and/or transportation expenses, entertainment and recreational
     expenses, clothing expenses, capital gains and losses, gambling debts,
     food expenses, or medical and drug expenses, for the one (1) year period
     prior to the date the Debtor filed for bankruptcy.

5.   All financial statements, inventories, and schedules reflecting Debtor's
     assets, liabilities and net worth, whether prepared by Debtor or on
     Debtor's behalf, for the one (1) year period prior to the date Debtor filed
     for bankruptcy.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been
mailed on January 28, 2011 to the above addresses.

Respectfully submitted,
**WEINSTEIN & RILEY, P.S.**


BY:   Kenneth S. Jannette, Esq.

44091028

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

In re:                                           :

Robert Maxwell Simon and                         :        CASE NO. 12-cv-00518-JAP-LHG
Stacey Helene Simon

   Debtor.                        :
                                                 :

Robert Maxwell Simon and Stacey Helene           :
Simon

   Plaintiffs,                    :
                                                 :
v.                                               :

Weinstein & Riley, P.S. and FIA Card             :
Services, N.A.,
                                                 :
   Defendants.                    :
                                                 :

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

  COMES NOW Weinstein & Riley, P.S. ("W&R") and FIA Card Services, N.A., ("FIA") (collectively, "Defendants") and move this court for an order pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) to dismiss the complaint of Robert Maxwell Simon and Stacey Helene Simon (collectively, "Plaintiffs"), and an order awarding Defendants damages, attorney's fees and costs incurred herein.

## I. STATEMENT OF FACTS AND PROCEUDRAL HISTORY

  In their complaint ("Complaint"), Plaintiffs pray for relief pursuant to three sections of the Fair Debt Collection Practices Act ("FDCPA"): 15 U.S.C. §1692(e)(11) (See Pl.'s Comp., p. 6, at ¶ 30); 15 U.S.C. 1692e(5) (See Pl.'s Comp., p. 7, at ¶ 34); and 15 U.S.C. 1692e(13) (See Pl.'s Comp., p. 7, at ¶ 38). A true and correct copy of the Complaint in this case is attached as **Exhibit "A"**.

1

The Complaint alleges that the following acts by Defendants give rise to liability under the

FDCPA sections set forth, *supra*:

> On or about January 28, 2011, the Weinstein Firm caused to be transmitted to the Plaintiff's counsel two pieces of correspondence (the "Notices"), one with respect to Mr. Simon and one with respect to Mrs. Simon, stating that FIA was contemplating a nondischargeability proceeding against them.

See Pl.'s Comp., p. 3, at ¶ 10; Exh. "A".

> Each of the Subpoenas contained a certification signed by Kenneth S. Jeannette, [sic] Esq. attesting that "a true and correct copy of the foregoing has been mailed on January 28, 2011 to the above addresses." The addresses listed were the Plaintiff's home address in Basking Ridge, New Jersey and the Plaintiff's counsel's office in Summit, New Jersey.

See Pl.'s Comp., p. 3, at ¶ 13; Exh. "A".

> In fact, the Weinstein Firm did not mail a copy of the Subpoenas to the Plaintiff. The Plaintiff [sic] consists of two educated, organized people who have a high attention to detail. They open their mail regularly and promptly. They were particularly attentive to correspondence during this time because of the nature of their financial difficulties and the existence of their bankruptcy case. They would have noticed had they received copies of the Subpoenas from the Weinstein Firm.

See Pl.'s Comp., p. 4, at ¶¶ 14 – 15; Exh. "A".

> The Weinstein Firm intentionally fails to transmit copies of documents such as the Subpoena directly to the witness because doing so would increase the chances that the witness will be aware of the correspondence. The Subpoenas were defective in other respects...
>
> * * *
>
> [They] failed to set out the text of Rule 45(c) and (d) of the Federal Rules of Civil Procedure as required by Rule 45(a)(1)(A)(iv) of the Federal Rules of Civil Procedure... failed to disclose the notice of recording method as required by Rule 45(a)(1)(B) of the Federal Rules of Civil Procedure, were legally ineffective to achieve the apparent goal of having the Plaintiff appear and testify. [and therefore] were a false, deceptive and misleading representation in connection with debt collection.

2

See Pl.'s Comp., p. 4, at ¶¶ 20 – 26; Exh. "A".

On February 23, 2011, Plaintiffs Robert Maxwell Simon and Stacey Helene Simon filed a complaint ("Bankruptcy Court Complaint") in the United States Bankruptcy Court for the District of New Jersey against Defendants Weinstein & Riley, P.S. and FIA Card Services, N.A. A true and correct copy of the Bankruptcy Court Complaint is attached as **Exhibit "B"**.

Plaintiffs' Bankruptcy Court Complaint sought relief pursuant to three sections of the Fair Debt Collection Practices Act ("FDCPA"): 15 U.S.C. §1692(e)(11) (See Bankruptcy Court Complaint, p. 6, at ¶ 33); 15 U.S.C. 1692e(5) (See Bankruptcy Court Complaint, p. 7, at ¶ 37); and 15 U.S.C. 1692e(13) (See Bankruptcy Court Complaint, p. 7, at ¶ 41).

The Bankruptcy Court Complaint alleged that the following acts by Defendants give rise to liability under the FDCPA sections set forth, *supra*:

> On or about January 28, 2011, the Weinstein Firm caused to be transmitted to the Plaintiff's counsel two pieces of correspondence (the "Notices"), one with respect to Mr. Simon and one with respect to Mrs. Simon, stating that FIA was contemplating a nondischargeability proceeding against them.

See Bankruptcy Court Complaint p. 3, at ¶ 11; Exh. "B".

> Each of the Subpoenas contained a certification signed by Kenneth S. Jeannette, Esq. attesting that "a true and correct copy of the foregoing has been mailed on January 28, 2011 to the above addresses." The addresses listed were the Plaintiff's home address in Basking Ridge, New Jersey and the Plaintiff's counsel's office in Summit, New Jersey.

See Bankruptcy Court Complaint, at ¶ 14; Exh. "B".

> In fact, the Weinstein Firm did not mail a copy of the Subpoenas to the Plaintiff. The Debtors are educated, organized people who have a high attention to detail. They open their mail regularly and promptly. They were particularly attentive to correspondence during this time because of the nature of their financial difficulties and the existence of their bankruptcy case. They would have noticed had they received copies of the Subpoenas from the Weinstein Firm.

3

See Bankruptcy Court Complaint, p. 4, at ¶¶ 15 – 16; Exh. "B".

> The Weinstein Firm intentionally fails to transmit copies of documents such as the Subpoena directly to the witness because doing so would increase the chances that the witness will be aware of the correspondence. The Subpoenas were defective in other respects...

> * * *

> [They] failed to set out the text of Rule 45(c) and (d) of the Federal Rules of Civil Procedure as required by Rule 45(a)(1)(A)(iv) of the Federal Rules of Civil Procedure... failed to disclose the notice of recording method as required by Rule 45(a)(1)(B) of the Federal Rules of Civil Procedure, were legally ineffective to achieve the apparent goal of having the Plaintiff appear and testify. [and therefore] were a false, deceptive and misleading representation in connection with debt collection.

See Bankruptcy Court Complaint, p. 5, at ¶¶ 15 – 16; Exh. "B".

On March 4, 2011, Defendants Weinstein & Riley, P.S. and FIA Card Services, N.A. filed a motion to dismiss the Bankruptcy Court Complaint. See Dkt. #3, Case. No. 11-01223-KCF (Bankr. D.N.J. 2011). On April 26, 2011, the United States Bankruptcy Court for the District of New Jersey granted Defendants Weinstein & Riley, P.S. and FIA Card Services, N.A.'s motion to dismiss the Bankruptcy Court Complaint.

In reaching its holding dismissing the Bankruptcy Court Complaint, the Bankruptcy Court reviewed the letter sent to Plaintiffs' attorney. It noted that

> The complaint is based on two notices that were allegedly sent to the Debtors and Debtors' Counsel on January 28, 2011. The notices contained a cover letter that states in the opening paragraph that the firm represents FIA Card Services and that the client, and I'll quote here, "Is considering filing an adversary proceeding pursuant to 11 U.S.C. Section 523 objecting to the discharge of the debt."

> The letter then outlines a proposal for settling the matter without the necessity of filing a non-dischargeability complaint. The letter encloses a Notice of Examination in accordance with Federal Rule of Bankruptcy Procedure 2004 and 2004(1).

4

See Mot. Dism. Hrg. Transcr., p.p. 6, at ¶ 21- p. 7, at ¶ 9.

The letter that the court described, and which formed the basis of the FDCPA claims in the Bankruptcy Court Complaint, is the same letter that is attached to the complaint herein, and which forms the basis of the FDCPA claims brought in this case.

## II.  ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move for dismissal based upon a lack of subject matter jurisdiction, and "[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the *plaintiff* must bear the burden of persuasion." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (Emphasis added.); Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir.2006); Dorsey v. Daub, 2011 WL 322887 (E.D. Pa. 2011) ("[P]laintiff has the burden of proving that jurisdiction does in fact exist.")

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss an action for "failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); Tagliamonte v. Wang, 2011 WL 601291 (D.N.J. 2011).

Under this standard, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, [this] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555,127 S. Ct. 1955 (2007).

"[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [t]o prevent dismissal... complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955 (2009) (*internal quotations omitted*). See also Fowler v. UPMC Shadyside,

578 F.3d 203, 210 (3d Cir. 2009). Rather, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Fowler, 578 F.3d 203, 210.

The newly-adopted "plausibility standard" places the burden upon Plaintiff to demonstrate in his pleading that success on the merits is more than a "sheer possibility." Iqbal 129 S.Ct. 1937, 1955.

A "complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement." Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir.2008) (Internal quotations omitted.)

In this case, Plaintiffs' causes of action have been litigated and dismissed on their merits in a prior case. Therefore, as discussed in Section III. B., infra, Plaintiffs are precluded from bringing the same causes of action here. Furthermore, such FDCPA claims are precluded by the Bankruptcy Code, which sets forth all applicable remedies for improper conduct during the pendency of a bankruptcy proceeding. Therefore, the complaint fails to state even a plausible a cause of action and must be dismissed.

## B. Issue Preclusion

The United States Court of Appeals for the Third Circuit has held that:

> In New Jersey, issue preclusion is appropriately invoked when: (1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated in a prior proceeding; (3) the prior court issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom issue preclusion is asserted was a party or in privity with a party to the earlier proceeding.

Bostanci v. New Jersey City University, 2012 WL 164471, at *3 (3d Cir. 2012).

In such cases, "issue preclusion... foreclose[s] relitigation of a matter that has been litigated and decided." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 376 105 S.Ct. 1327, 1330 (1985) (Internal quotations omitted.)

6

This doctrine has an equally preclusive effect regardless of whether the dispositive issue in the prior case was one of fact or law.    In U.S. v. Stauffer Chemical Co., 464 U.S. 165, 171, 104 S.Ct. 575, 579 (1984), the United States Supreme Court held that

> When the claims in two separate actions between the same parties are the same or are closely related ... it is not ordinarily necessary to characterize an issue as one of fact or of law for purposes of issue preclusion.... In such a case, it is unfair to the winning party and an unnecessary burden on the courts to allow repeated litigation of the same issue in what is essentially the same controversy, even if the issue is regarded as one of law.

See also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 5 (1984) ("Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against the same... party."); Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77, 104 S.Ct. 892, 893 n. 1 (1984).

In this case, Plaintiffs allege three FDCPA violations, under 15 U.S.C. §§1692(e)(11), 1692e(5) and 1692e(13), respectively.  Plaintiffs assert that all violations stem from Defendants' mailing a letter regarding a potential objection to dischargeability under 11 U.S.C. § 523 in their bankruptcy proceeding.  This letter formed the basis of claims brought under the same FDCPA sections in the United States Bankruptcy Court for the District of New Jersey.

In fact, the complaint in this case is a nearly verbatim copy of the one that was dismissed in the Bankruptcy Court. For example, it alleges that:

> In fact, the Weinstein Firm did not mail a copy of the Subpoenas to the Plaintiff.  The Plaintiff [sic] consists of two educated, organized people who have a high attention to detail. They open their mail regularly and promptly. They were particularly attentive to correspondence during this time because of the nature of their financial difficulties and the existence of their bankruptcy case. They would have noticed had they received copies of the Subpoenas from the Weinstein Firm.

See Pl.'s Comp., p. 4, at ¶¶ 14 – 15; Exh. "A".

7

Whereas the complaint in the Bankruptcy Court alleged that:

> In fact, the Weinstein Firm did not mail a copy of the Subpoenas to the Plaintiff. The Debtors are educated, organized people who have a high attention to detail. They open their mail regularly and promptly. They were particularly attentive to correspondence during this time because of the nature of their financial difficulties and the existence of their bankruptcy case. They would have noticed had they received copies of the Subpoenas from the Weinstein Firm.

See Bankruptcy Court Complaint, p. 4, at ¶¶ 15 – 16; Exh. "B".

The Bankruptcy Court dismissed the case, because the claims asserted were precluded by the Bankruptcy Code. Therefore, claims in this case are barred by the doctrine of issue preclusion, and must be dismissed.

## C. Claims Under FDCPA Are Precluded in Bankruptcy Proceedings

FDCPA claims are preempted where the actionable conduct occurred within a bankruptcy proceeding, as the Bankruptcy Code provides the sole source of remedies in such circumstances. Jones v. Wolpoff & Abramson, L.L.P., 2006 WL 266102, at *3 (E.D. Pa. 2006).

In Jones, the United States Bankruptcy Court for the Eastern District of Pennsylvania considered nearly identical facts to those at bar. Id. In that case, the defendant law firm sent a post-petition letter seeking to collect a debt on behalf of a bank. 2006 WL 266102, at *3. The bankrupt filed an adversary proceeding, asserting claims for FDCPA violations. The defendant law firm moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that the FDCPA claims were precluded by the Bankruptcy Code.

The Jones court noted that "[t]he Third Circuit has clearly adopted the reasoning [that a] Plaintiff's FDCPA claim is... preempted by the Bankruptcy Code and must be dismissed." Jones, 2006 WL 266102, at *3. In so holding, the Jones court explicitly adopted the holdings of a line of cases in the Ninth Circuit, such as Wan v. Discover Financial Services, Inc. 324 B.R. 124, 127 (N.D. Cal. 2005).

8

_Wan_ presented facts nearly identical to those at issue here. _Id_. In _Wan_, after a debtor filed for bankruptcy, a creditor sent a letter[1] "to [his] counsel that included [his] bankruptcy number and referred to [the creditor's] rights pursuant to 11 U.S.C. § 523 and Rule 2004." _Id_.

The debtor filed claims alleging violations of various sections of the FDCPA. The creditor argued that the FDCPA did not apply to such communications and successfully moved to dismiss under Fed.R.Civ.P. 12(b)(6). _Wan_, 324 B.R. 124, 127.

Affirming the dismissal, the United States District Court for the Northern District of California observed that the letter was "sent in the context of the bankruptcy case and suggested remedies under the Bankruptcy Code" and held that "[t]o the extent that such a correspondence might constitute abusive activity by a creditor, a debtor's remedies are found under the Bankruptcy Code." _Id_. at 128.

In reaching its decision, the _Wan_ court relied on The United States Court of Appeals for the Ninth Circuit's holding in _Walls v. Wells Fargo Bank_, 276 F.3d 502 (9th Cir. 2002), wherein a debtor brought suit against a bank for collection activities she alleged were "unfair and unconscionable" under the FDCPA.[2] The bankruptcy court dismissed the claims, and the district court affirmed, holding that the Bankruptcy Code precluded "a simultaneous claim under the FDCPA." _Id_. at 510.

The Ninth Circuit affirmed, and held that "[n]othing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA... if bankruptcy... occurs, the debtor's protection and remedy remain under the Bankruptcy Code."). _See also_ _Degrosiellier v. Solomon & Solomon, P.C._, 2001 WL 1217181, at *5 (N.D.N.Y. 2001) ("This Court agrees with... the majority of courts which have addressed

---

[1] The court observed that "the communication was made to [plaintiff's] counsel during the pendency of the bankruptcy." _Wan_, 324 B.R. 124, 127.
[2] The case involved somewhat complex legal issues regarding payments toward secured debt that are not relevant to the issues in this case. _Walls_, 276 F.3d 502, 505.

9

the issue, that plaintiff is precluded from asserting... claims for money damages pursuant to the FDCPA which are premised on conduct... governed by... the Bankruptcy Code."); Bessette v. AVCO Fin. Servs., 240 B.R. 147, 155 (D. R.I. 1999); Bassett v. Am. Gen. Fin., Inc., 255 B.R. 747, 758-59 (9th Cir. BAP 2000), *rev'd on other grounds*, 285 F.3d 882 (9th Cir. 2002) ("Congress established its own remedies for abuse of the bankruptcy process, and that Congress intended those remedies to occupy the field."); B-Real, LLC v. Chaussee, 399 B.R. 225, 233 (9th Cir. BAP 2008) ("[T]he [Bankruptcy] Code, and the Rules implementing its terms, provide the exclusive remedies" for actions which occur in the context of Bankruptcy.)

In this case, as in Wan, after Plaintiffs filed for bankruptcy, a creditor sent a letter to their attorney that included Plaintiffs' bankruptcy number and referred to the creditor's rights under 11 U.S.C. § 523 and Rule 2004. Such conduct is governed by the bankruptcy code and the remedy for any alleged impropriety must be found within it. Therefore, Plaintiff's FDCPA claims are precluded by the Bankruptcy Code and must fail. Because the complaint fails to state a legally cognizable claim, it must be dismissed.

## CONCLUSION

Plaintiffs may not bring the same causes of action twice, where they were previously dismissed on the merits. Furthermore, the FDCPA claims at issue are precluded by the Bankruptcy Code, which proscribes all applicable remedies for conduct occurring during the pendency of a bankruptcy. Therefore, because the complaint fails to state even a plausible a cause of action, it must be dismissed

Dated: February 24, 2012                                    Respectfully Submitted,


                                                    /S/   Kenneth S. Jannette
                                                    Kenneth S. Jannette, Esq. (KJ6394)
                                                    WEINSTEIN & RILEY, P.S.
                                                    14 Penn Plaza, Suite 1300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

New York, NY 10122-0049
Telephone: (800) 206-7410
Facsimile:  (212) 268-9562
kenj@w-legal.com

11

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
Telephone No. (973) 457-4710
andy@winchlaw.com
By: Andy Winchell [AW-6590]
Attorney for the Plaintiff

---

Robert Maxwell Simon
Stacey Helene Simon

                    Plaintiff

            vs.

FIA Card Services, N.A.; Weinstein & Riley, P.S.

                    Defendants

COMPLAINT

JURY TRIAL DEMANDED

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
## FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### PRELIMINARY STATEMENT

1.      This is an action brought by the Plaintiff (hereinafter the "Plaintiff") seeking the

recovery of damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et

seq. (the "FDCPA").

## JURISDICTION

2.      Jurisdiction over this matter is provided pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) of the United States Code because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district and because Defendant regularly transacts business within this federal district by attempting to collect debts from consumers who reside in this district.

4.      This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5.      The Plaintiff is a married couple residing in Basking Ridge, New Jersey and filed a petition in bankruptcy under chapter 7 of Title 11 of the United States Code on December 30, 2010.

6.      On information and belief, Defendant FIA Card Services ("FIA") is a corporation organized under the laws of the state of Delaware. FIA is a "Debt Collector" as that term is defined by the FDCPA, 15 USC §1692(a)(6).

7.      On information and belief, Defendant Weinstein & Riley (the "Weinstein Firm," and collectively with FIA, the "Defendants") is a law firm with a place of business at 14 Penn Plaza, Suite 1300, New York, New York. The Weinstein Firm is a "Debt Collector" as that term is defined by the FDCPA, 15 USC §1692(a)(6).

2

## FACTUAL ALLEGATIONS

8.      The Plaintiff filed a chapter 7 petition in bankruptcy in the United States

Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") on December 30,

2010 (the "Petition Date").

9.      The Plaintiff was forced to file this bankruptcy case because of high medical costs

and extended periods of unemployment and underemployment.

10.     On or about January 28, 2011, the Weinstein Firm caused to be transmitted to the

Plaintiff's counsel two pieces of correspondence (the "Notices"), one with respect to Mr. Simon

and one with respect to Mrs. Simon, stating that FIA was contemplating a nondischargeability

proceeding against them. The Notices each included a document that appears to be a subpoena

(the "Subpoenas") commanding examination under Rule 2004 of the Federal Rules of

Bankruptcy Procedure to be held at the Weinstein Firm's offices in New York. A copy of the

Notice referring to Mr. Simon is attached hereto as Exhibit A and a copy of the Notice referring

to Mrs. Simon is attached hereto as Exhibit B.

11.     Each of the Notices offered to the settle the debt to FIA in a reduced amount to

prevent the filing of a nondischargeability action.

12.     Thus, the Notices were attempts to collect a debt within the meaning of the

FDCPA.

13.     Each of the Subpoenas contained a certification signed by Kenneth S. Jeannette,

Esq. attesting that "a true and correct copy of the foregoing has been mailed on January 28, 2011

to the above addresses." The addresses listed were the Plaintiff's home address in Basking

Ridge, New Jersey and the Plaintiff's counsel's office in Summit, New Jersey.

3

14.     In fact, the Weinstein Firm did not mail a copy of the Subpoenas to the Plaintiff.

15.     The Plaintiff consists of two educated, organized people who have a high attention to detail. They open their mail regularly and promptly. They were particularly attentive to correspondence during this time because of the nature of their financial difficulties and the existence of their bankruptcy case. They would have noticed had they received copies of the Subpoenas from the Weinstein Firm.

16.     On or about January 31, 2011, Plaintiff's counsel received copies of the Notices in the mail. Shortly thereafter, the Plaintiff's counsel inquired of the Plaintiff about the Notices. The Plaintiff of course was unaware of the contents of the Notices because, notwithstanding the certification of Mr. Jeanette, the Weinstein Firm never mailed copies of the Subpoenas to the Plaintiff.

17.     Rule 45 of the Federal Rules of Civil Procedure requires subpoenas to be sent directly to the appropriate witness.

18.     On information and belief, the Weinstein Firm has a pattern and practice of failing to transmit copies of notices and subpoenas directly to the appropriate witness.

19.     Plaintiff's counsel is active on numerous email listservs for bankruptcy attorneys and became aware of the Weinstein Firm's pattern and practice as a result of reviewing emails from colleagues on the subject.

20.     On information and belief, the Weinstein Firm intentionally fails to transmit copies of documents such as the Subpoena directly to the witness because doing so would increase the chances that the witness will be aware of the correspondence.

21.     The Subpoenas were defective in other respects.

4

22.     For example, the Subpoenas commanded the presence of the Plaintiff for examination in New York rather than within the District of New Jersey as required by Rule 45(a)(2) of the Federal Rules of Civil Procedure.

23.     The Subpoenas also failed to set out the text of Rule 45(c) and (d) of the Federal Rules of Civil Procedure as required by Rule 45(a)(1)(A)(iv) of the Federal Rules of Civil Procedure.

24.     The Subpoenas also failed to disclose the notice of recording method as required by Rule 45(a)(1)(B) of the Federal Rules of Civil Procedure.

25.     Thus the Subpoenas were legally ineffective to achieve the apparent goal of having the Plaintiff appear and testify.

26.     The Notices were a false, deceptive and misleading representation in connection with debt collection.

27.     The Notices also failed to contain the warning that they constituted an attempt to collect a debt and that the communication is from a debt collector.

28.     On or about February 18, 2011, the Plaintiff moved to quash the Subpoenas on the grounds stated above.

29.     On or about February 23, 2011, the Plaintiff brought an action against the Defendants in the Bankruptcy Court (the "Bankruptcy Court Adversary Proceeding") based upon many of the same grounds stated herein.

30.     On or about March 14, 2011 the Bankruptcy Court quashed the Subpoenas.

31.    On or about April 26, 2011, the Bankruptcy Court ruled that it lacked subject
matter jurisdiction over the Bankruptcy Court Adversary Proceeding and thereupon proceeded to
dismiss it without prejudice.

### First Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

32.    The allegations in paragraphs 1 through 31 of this complaint are realleged and
incorporated herein by this reference.

33.    The Defendants violated 15 U.S.C. §§ 1692e, and e(11) by sending collection
notices that failed to contain the warning that they were attempts by a debt collector to collect a
debt.

34.    These violations of the Fair Debt Collection Acts are willful and done with malice
in order to intimidate the Plaintiff into doing whatever is necessary to pay the debt. Upon
information and belief, the Defendants have a pattern or practice of the conduct complained of
herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt
Collection Practices Act.

35.    The Plaintiff is therefore entitled to an award of statutory damages, punitive
damages and legal fees pursuant to 11 U.S.C. § 1692k.

### Second Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

36.    The allegations in paragraphs 1 through 35 of this complaint are realleged and
incorporated herein by this reference.

6

37.    The Defendants violated 15 U.S.C. §§ 1692e, and e(5) by making false, deceptive and misleading representations and threatening to take actions that the Defendants could not legally take or that the Defendants intended not to take.

38.    These violations of the Fair Debt Collection Acts are willful and done with malice in order to intimidate the Plaintiff into doing whatever is necessary to pay the debt. Upon information and belief, the Defendants have a pattern or practice of the conduct complained of herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt Collection Practices Act.

39.    The Plaintiff is therefore entitled to an award of statutory damages, actual damages and legal fees pursuant to 11 U.S.C. § 1692k.

### Third Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

40.    The allegations in paragraphs 1 through 39 of this complaint are realleged and incorporated herein by this reference.

41.    The Defendants violated 15 U.S.C. §§ 1692e and e(13) by sending documents that purported to be legal process but that were legally ineffective.

42.    These violations of the Fair Debt Collection Acts are willful and done with malice in order to intimidate the Plaintiff into doing whatever is necessary to pay the debt. Upon information and belief, the Defendants have a pattern or practice of the conduct complained of herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt Collection Practices Act.

7

43.     The Plaintiff is therefore entitled to an award of statutory damages, actual

damages and legal fees pursuant to 11 U.S.C. § 1692k.

**WHEREFORE,** the Plaintiff having set forth claims for relief against the Defendants

respectfully prays of the Court as follows:

a.     For a declaratory judgment that the conduct described herein violates the

FDCPA;

b.     That the Plaintiff be awarded and recover statutory damages for FDCPA

violations;

c.     That the Plaintiff be awarded and recover actual damages in an amount to

be determined by this Court;

d.     That the Plaintiff have and recover their reasonable legal fees in an

amount to be determined by this Court;

e.     That the Plaintiff recover all reasonable costs and expenses in this case in

an amount to be determined by this Court;

f.     That the Plaintiff have such other and further relief as to the Court may

seem just and proper.

8

Dated this the 27th day of January, 2012.


/s/ Andy Winchell
Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
Telephone No. (973) 457-4710
andy@winchlaw.com
By: Andy Winchell [AW-6590]
Attorney for the Debtors

In Re:

Robert Maxwell Simon
Stacey Helene Simon

Case No.: 10-50052 (KCF)

Chapter: 7

Robert Maxwell Simon
Stacey Helene Simon

Adv. Pro. No:

                    Plaintiff

        vs.

FIA Card Services, N.A.; Weinstein & Riley, P.S.

                    Defendants

## COMPLAINT OF THE DEBTORS
## FOR DECLARATORY RELIEF AND DAMAGES
## FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## PRELIMINARY STATEMENT

1.      This is an action brought by the Debtors/Plaintiff (hereinafter the "Debtors" or the

"Plaintiff") for a declaratory judgment as provided for by Rules 2016(a), 7001(7) and 7001(9) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.      The Debtors are also seeking the recovery of actual and punitive damages for

violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. (the "FDCPA").

## JURISDICTION

3.      This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28

of the United States Code in that it concerns claims and counterclaims to a proof of claim and

matters arising out of the administration of this bankruptcy case and rights duly established under

Title 11 of the United States Code and other applicable federal law. The Plaintiff consents to entry

of a final order to any non-core claim for relief.

4.      Jurisdiction of the United States Bankruptcy Court over this matter is provided by

28 U.S.C. §§ 151, 157 and 1334 as amended.

## PARTIES

5.      The Debtors are a married couple residing in Basking Ridge, New Jersey and filed

a petition in bankruptcy under chapter 7 of Title 11 of the United States Code on December 30,

2010.

2

6.     On information and belief, Defendant FIA Card Services ("FIA") is a corporation

organized under the laws of the state of Delaware. FIA is a "Debt Collector" as that term is

defined by the FDCPA, 15 USC §1692(a)(6).

7.     On information and belief, Defendant Weinstein & Riley (the "Weinstein Firm,"

and collectively with FIA, the "Defendants") is a law firm with a place of business at 14 Penn

Plaza, Suite 1300, New York, New York. The Weinstein Firm is a "Debt Collector" as that term

is defined by the FDCPA, 15 USC §1692(a)(6).

## FACTUAL ALLEGATIONS

8.     This case was commenced by the filing of a chapter 7 petition with the clerk of

this court on December 30, 2010 (the "Petition Date").

9.     The Debtors were forced to file this bankruptcy case because of high medical

costs and extended periods of unemployment and underemployment.

10.     The 341(a) meeting of creditors occurred on February 11, 2011. The Defendants

did not appear in person or by an attorney at that meeting.

11.     On or about January 28, 2011, Defendant the Weinstein Firm caused to be

transmitted to the Debtors' counsel two pieces of correspondence (the "Notices"), one with

respect to each of the Debtors, stating that FIA was contemplating a nondischargeability

proceeding against the Debtors. The Notices included a document that appears to be a subpoena

(the "Subpoenas") commanding examination under Rule 2004 of the Federal Rules of

Bankruptcy Procedure to be held at the Weinstein Firm's offices in New York. A copy of the

Notice referring to Debtor Robert Simon is attached hereto as Exhibit A and a copy of the Notice

referring to Debtor Stacey Simon is attached hereto as Exhibit B.

3

12.    Each of the Notices offered to the settle the debt to FIA in a reduced amount to prevent the filing of a nondischargeability action.

13.    Thus, the Notices were attempts to collect a debt within the meaning of the FDCPA.

14.    Each of the Subpoenas contained a certification signed by Kenneth S. Jeannette, Esq. attesting that "a true and correct copy of the foregoing has been mailed to January 28, 2011 to the above addresses." The addresses listed were the Debtors' home address in Basking Ridge, New Jersey and the Debtors' counsel's office in Summit, New Jersey.

15.    In fact, the Weinstein Firm did not mail a copy of the Subpoenas to the Debtors.

16.    The Debtors are educated, organized people who have a high attention to detail. They open their mail regularly and promptly. They have been particularly attentive to correspondence during this time because of the nature of their financial difficulties and the existence of their bankruptcy case. They would have noticed had they received copies of the Subpoenas from the Weinstein Firm.

17.    On or about January 31, 2011, the Debtors' counsel received copies of the Notices in the mail. Shortly thereafter, the Debtors' counsel inquired of the Debtors about the Notices. The Debtors of course were unaware of the contents of the Notices because, notwithstanding the certification of Mr. Jeanette, on information and belief the Weinstein Firm never mailed copies of the Subpoenas to the Debtors.

18.    Rule 45 of the Federal Rules of Civil Procedure requires subpoenas to be sent directly to the appropriate witness.

4

19.    On information and belief, the Weinstein Firm has a pattern and practice of failing to transmit copies of notices and subpoenas directly to the debtor.

20.    Debtors' counsel is active on numerous email listservs for bankruptcy attorneys and became aware of the Weinstein Firm's pattern and practice as a result of reviewing emails from colleagues on the subject.

21.    On information and belief, the Weinstein Firm intentionally fails to transmit copies of documents such as the Subpoena directly to the debtor because doing so would increase the chances that the debtor will be aware of the correspondence.

22.    The Subpoenas were defective in other respects.

23.    For example, the Subpoenas commanded the presence of the Debtors for examination in New York rather than within the District of New Jersey as required by Rule 45(a)(2) of the Federal Rules of Civil Procedure.

24.    The Subpoenas also failed to set out the text of Rule 45(c) and (d) of the Federal Rules of Civil Procedure as required by Rule 45(a)(1)(A)(iv) of the Federal Rules of Civil Procedure.

25.    The Subpoenas also failed to disclose the notice of recording method as required by Rule 45(a)(1)(B) of the Federal Rules of Civil Procedure.

26.    Thus the Subpoenas were legally ineffective to achieve the apparent goal of having the Plaintiff appear and testify.

27.    The Notices were a false, deceptive and misleading representation in connection with debt collection.

5

28.    The Notices failed to contain the warning that they constituted an attempt to
collect a debt and that the communication is from a debt collector.

### First Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

29.    The allegations in paragraphs 1 through 28 of this complaint are realleged and
incorporated herein by this reference.

30.    The Defendants violated 15 U.S.C. §§ 1692e, and e(11) by sending collection
notices that failed to contain the warning that they were attempts by a debt collector to collect a
debt.

31.    These violations of the Fair Debt Collection Acts are willful and done with malice
in order to intimidate the Debtors into doing whatever is necessary to pay the debt. Upon
information and belief, the Defendants have a pattern or practice of the conduct complained of
herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt
Collection Practices Act.

32.    The Plaintiff is therefore entitled to an award of statutory damages, punitive
damages and legal fees pursuant to 11 U.S.C. § 1692k.

### Second Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

33.    The allegations in paragraphs 1 through 32 of this complaint are realleged and
incorporated herein by this reference.

34.    The Defendants violated 15 U.S.C. §§ 1692e, and e(5) by making false, deceptive
and misleading representations and threatening to take actions that the Defendants could not legally
take or that the Defendants intended not to take.

6

35. These violations of the Fair Debt Collection Acts are willful and done with malice in order to intimidate the Debtors into doing whatever is necessary to pay the debt. Upon information and belief, the Defendants have a pattern or practice of the conduct complained of herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt Collection Practices Act.

36. The Plaintiff is therefore entitled to an award of statutory damages, punitive damages and legal fees pursuant to 11 U.S.C. § 1692k.

### Third Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

37. The allegations in paragraphs 1 through 36 of this complaint are realleged and incorporated herein by this reference.

38. The Defendants violated 15 U.S.C. §§ 1692e and e(13) by sending documents that purported to be legal process but that were legally ineffective.

39. These violations of the Fair Debt Collection Acts are willful and done with malice in order to intimidate the Debtors into doing whatever is necessary to pay the debt. Upon information and belief, the Defendants have a pattern or practice of the conduct complained of herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt Collection Practices Act.

40. The Plaintiff is therefore entitled to an award of statutory damages, punitive damages and legal fees pursuant to 11 U.S.C. § 1692k.

7

**WHEREFORE,** the Plaintiff having set forth claims for relief against the Defendants respectfully prays of the Court as follows:

      a.      For a declaratory judgment that the conduct described herein violates the FDCPA;

      b.      That the Plaintiff be awarded and recover statutory damages for FDCPA violations;

      c.      That the Plaintiff be awarded and recover actual and punitive damages in an amount to be determined by this Court;

      d.      That the Plaintiff have and recover their reasonable legal fees in an amount to be determined by this Court;

      e.      That the Plaintiff recover all reasonable costs and expenses in this case in an amount to be determined by this Court;

      f.      That the Plaintiff have such other and further relief as to the Court may seem just and proper.

Dated this the 23rd day of February, 2011.

/s/ Andy Winchell
Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Debtors

8